Filed 5/1/13  P. v. Bentley CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062957 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD241311) |
| LAURIE LYNN BENTLEY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Peter L. Gallagher, Judge.  Affirmed.

Coughlan, Semmer, Fitch & Pott and Earll M. Pott, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted Laurie Lynn Bentley of two counts of petty theft after three prior theft convictions (Pen. Code,[1] §§ 484 & 666) and one count of commercial burglary (§ 459). Bentley admitted three prior theft convictions. The court denied Bentley's motions for acquittal and to reduce the offenses to misdemeanors.

Bentley was granted summary probation, subject to 68 days in custody, with credit for 68 days served.

Bentley filed a timely notice of appeal.

Counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders)* raising possible, but not arguable issues. We offered Bentley the opportunity to file her own brief on appeal, but she has not responded.

## STATEMENT OF FACTS

On April 18, 2012, Bentley was apprehended by Walmart security personnel with approximately $60 in stolen cosmetics in her bag. At trial, Bentley testified she had gone to Walmart to purchase items and to exchange cosmetics. She denied stealing any items and denied she had concealed cosmetics in her purse.

On June 3, 2012, Bentley and a man were apprehended at a Costco store with five DVD's concealed in Bentley's purse. She admitted to the security personnel that she and the man were shoplifting.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

2

At trial, Bentley denied shoplifting at Costco and denied that she was aware the man had taken any DVDs.  She denied that she had admitted to the security personnel that she had been shoplifting.

Prior to trial, Bentley made two "*Marsden*"[2] motions to replace appointed counsel.  Both motions were denied.

## DISCUSSION

As we have previously noted, appellate counsel has filed a brief indicating he is unable to identify any argument for reversal and asks this court to review the record for error as mandated by *Wende, supra*, 25 Cal.3d 436.  Pursuant to *Anders, supra*, 386 U.S. 738, the brief identifies the possible, but not arguable issues:

1.  Did the trial court properly deny Bentley's *Marsden* motions;

2.  Was trial counsel ineffective;

3.  Did the trial court properly allow impeachment of Bentley with her prior convictions;

4.  Was the jury properly instructed; and

5.  Did the court lawfully impose various fines.

We have reviewed the entire record in accordance with *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738 and have not found any reasonably arguable appellate issues.  Competent counsel has represented Bentley on this appeal.

---

[2]    *People v. Marsden* (1970) 2 Cal.3d 118.

3

DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

McDONALD, J.

McINTYRE, J.

4